IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tyrone A. Sims, ) | Civil Action No. 2:14-cv-3005-TLW-MGB |
| )  | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, ) | **OF MAGISTRATE JUDGE** |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

    This case is before the Court for a Report and Recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

    The Plaintiff, Tyrone A. Sims, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration regarding his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.

### **RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

    The Plaintiff was born on September 16, 1964, and was 46 years old on his alleged disability onset date of April 18, 2008. (R. 170.) The Plaintiff claims disability due to, *inter alia*, Post-traumatic stress disorder ("PTSD"). (R. 193.) The Plaintiff's work history includes a cargo handler, mail carrier, and crew leader for the United Stated Census. (R. 194.) The Plaintiff has both a bachelor's and a master's degrees. (R. 63.) He served in the Navy on active duty in 1983 and 2003 and was in the reserves for the period between his tours of active duty. (R. 63-64.)

    The Plaintiff filed an application for DIB on August 18, 2011. (R. 170.) For entitlement to DIB, the Plaintiff must prove that his alleged disability began on or before the date he was last insured for benefits, June 30, 2011. (R. 19.) After his application was denied initially and on

---

[1] A Report and Recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

reconsideration, a hearing was held before an Administrative Law Judge (ALJ) on February 4, 2013. (R. 56-86.) In a decision dated March 8, 2013, the ALJ found that the Plaintiff was not disabled. (R. 16-32.) The Appeals Council denied the Plaintiff's request for review (R. 1-4), making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

In making the determination that the Plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the ALJ:

> (1)    The claimant last met insured status requirements of the Social Security Act through June 30, 2011, but not thereafter.
>
> (2)    The claimant did not engage in substantial gainful activity during the period from his alleged onset date of April 18, 2008 through his date last insured of June 30, 2011 (20 CFR 404.1571 *et seq*.).
>
> (3)    Through the date last insured, the claimant had the following severe impairments: posttraumatic stress disorder, depression and obesity (20 CFR 404.1520(c)).
>
> (4)    Through the date last insured, the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> (5)    After careful consideration of the entire record, I find that, through the date the claimant was last insured for disability benefits (June 20, 2011), the claimant had the residual functional capacity to perform work at all exertional levels but with the following non-exertional limitations: occasional climbing of ladders, ropes, or scaffolds; unskilled; occasional direct interaction with the general public; occasional team-type interaction co-workers; must be allowed to work at a steady, reasonable pace with no more than occasional instructions from supervisor.
>
> (6)    Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).
>
> (7)    The claimant was born on September 16, 1964 and was 46 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).
>
> (8)    The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

>    (9)    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
>    (10)    Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).
>
>    (11)    The claimant has not been under a disability, as defined in the Social Security Act, from April 18, 2008, through June 30, 2011, the date last insured (20 CFR 404.1520(g)).

## **APPLICABLE LAW**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). "Disability" is defined in the Act as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. See 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Administration's official Listing of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment

which prevents him from doing substantial gainful employment. See 20 C.F.R. § 404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. See 20 C.F.R. § 404.1520(a)(4); see also Hall v. Harris, 658 F.2d 260 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. See SSR 82-62, 1982 WL 31386, at *3. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5). He must make a *prima facie* showing of disability by showing that he is unable to return to his past relevant work. Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983); see also Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. See Grant, 699 F.2d at 191. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Id. at 191-92.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner "are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Richardson v. Perales, 402 U.S. 389 (1971); 42 U.S.C. § 405(g). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's

decision as long as it is supported by substantial evidence. <u>Pyles v. Bowen</u>, 849 F.2d 846, 848 (4th Cir. 1988) (citing 42 U.S.C. § 405(g); <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as:

> such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Substantial evidence consists of more than a mere scintilla of evidence but may be less than a preponderance.

<u>Smith v. Chater</u>, 99 F.3d 635, 637-38 (4th Cir. 1996) (internal quotation marks and citations omitted).

Thus, it is the duty of this Court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that the Commissioner's conclusion is rational. <u>Thomas v. Celebrezze</u>, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972).

## DISCUSSION

The Plaintiff asserts that the ALJ erred by not indicating the weight she assigned to the VA determination of 80 percent disability.[2] (Dkt. No. 16 at 28-29.) The undersigned agrees. In <u>Bird v. Commissioner</u>, 699 F.3d 337 (4th Cir. 2012), the Fourth Circuit addressed the plaintiff's assertion that the ALJ erred "in failing to accord adequate weight to his disability determination made by the Department of Veterans Affairs (VA)." <u>Bird</u>, 699 F.3d at 338. The plaintiff applied for veterans benefits through the VA on June 9, 2006, and although the VA initially awarded him a

---

[2] The VA assessed the Plaintiff to have 70% service related disability and 10% non-service related disability. (R. 26.)

70 percent disability rating, that rating was revised on November 14, 2007 to a 100 percent disability rating. Id. at 339. The plaintiff's date last insured (DLI) was March 31, 2005, and the "VA rating decision was effective June 9, 2006, the date [the plaintiff] applied for VA benefits." Id. In the ALJ's decision denying benefits, the ALJ "found that although [the plaintiff] suffered from PTSD before his DLI, his impairment was insufficiently severe to qualify him for receipt of Social Security disability benefits." Id. at 340. In so concluding, the ALJ relied on, *inter alia*, the "fact that the VA rating decision became effective only in June 2006, 15 months after [the plaintiff's] DLI." Id. The Fourth Circuit reversed, concluding that "a VA disability determination must be accorded substantial weight in Social Security disability proceedings." Id. at 345. The court stated,

> We have not previously addressed the precise weight that the SSA must afford to a VA disability rating. However, in DeLoatche v. Heckler, 715 F.2d 148, 150 n. 1 (4th Cir. 1983), we held that the disability determination of a state administrative agency is entitled to consideration in an SSA disability proceeding. SSA directives have explained that the SSA is required to consider all record evidence relevant to a disability determination, including decisions by other agencies. SSR No. 06–03p, 2006 SSR LEXIS 5, at *17. However, under the regulations implementing the Social Security Act, although the SSA will accept another agency's disability determination as evidence of a claimant's condition, that agency's decision is not binding on the SSA. 20 C.F.R. §§ 404.1504, 404.1512(b)(5). Accordingly, under the principles governing SSA disability determinations, another agency's disability determination "cannot be ignored and must be considered." SSR No. 06–03p, 2006 SSR LEXIS 5, at *17.
> 
> Our sister circuits have afforded varying degrees of evidentiary significance to a disability determination made by the VA. See, e.g., McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002) ("great weight"); Kane v. Heckler, 776 F.2d 1130, 1135 (3d Cir. 1985) ("substantial weight"); cf. Cutler v. Weinberger, 516 F.2d 1282, 1286 (2d Cir. 1975) ("some weight" due to disability determination of a state agency). The assignment of at least some weight to a VA disability determination reflects the

fact that both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability. McCartey, 298 F.3d at 1076. "Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." Id.

    The VA rating decision reached in Bird's case resulted from an evaluation of the same condition and the same underlying evidence that was relevant to the decision facing the SSA. Like the VA, the SSA was required to undertake a comprehensive evaluation of Bird's medical condition. Because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is *highly relevant* to the disability determination of the other agency. Thus, we hold that, in making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

Bird, 699 F.3d at 343 (emphasis added).

In the case *sub judice*, the ALJ acknowledged Plaintiff's 80 percent disability rating. (See R. at 26.) The ALJ's decision states,

> I have considered the conclusion of the Veteran's Administration that the claimant is entitled to compensation for disability of 70% service-connected disability rating due to posttraumatic stress disorder and 10% non-service connected rating for history of superficial scars. Those determinations have been considered, however, it is noted that the Veteran's Administration's order is based on percentages of disability tied to ratings and impairments, not whether the claimant can perform past work or other substantial gainful activity despite those impairments, which is the issue directly before me. "Unemployability" for purposes of a VA Rating Decision does not equate to "disability" for Social Security purposes as the programs are parallel with different rules and regulations. Such determinations made by other agencies are based on their own rules and are not binding on the Social Security Administration. (20 CFR 404.1504).

(R. at 26.) Like the plaintiff in Bird, Plaintiff had a substantial VA disability rating, and it appears that the VA rating decision is based on the same conditions relevant to the Social Security decision. However, it is not clear what weight–if any–the ALJ afforded the VA determination. As in McClora v. Colvin, Civ. A. No. 5:14-cv-441-DCN, 2015 WL 3505535, at *16 (D.S.C. June 3, 2015), the ALJ's decision "does not indicate that . . . [the ALJ] considered 'substantial weight' to be the starting point for weight to give to VA ratings." Nor does the ALJ's discussion "'clearly demonstrate' that . . . a deviation from a finding of substantial weight is appropriate." Id. (quoting Bird, 699 F.3d at 343); see also Wyche v. Colvin, Civ. A. No. 4:13cv43, 2014 WL 1903106, at *8-10 & n.2 (E.D. Va. Apr. 30, 2014). The ALJ in the case at bar appears to give the exact reasoning that the Bird Court rejected. Given that the ALJ's opinion does not comply with Bird, the undersigned recommends remanding the case with instructions for the ALJ to follow the specific method for weighting VA ratings prescribed in Bird.[3]

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that the Commissioner's decision be reversed and remanded for administrative action consistent with this recommendation,

IT IS SO RECOMMENDED.

July 15, 2015  
Charleston, South Carolina

MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

---

[3] Given this court's finding that the ALJ did not comply with Bird and recommendation the case be remanded, the court does not reach the Plaintiff's additional arguments.